UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

COLLEEN ROCHE AND MILAGROS GONZALEZ

                            Plaintiffs,

           -against-

DUANE STREET PARK CORP., 157 DUANE STREET
ASSOCIATES AND KIO RESTAURANT, LLC

                            Defendants.

-----------------------------------------------------------------------x

**Docket: 1:17-cv-05866 (AT) (DCF)**

**AMENDED COMPLAINT**

**JURY TRIAL REQUESTED**

## AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiffs Colleen Roche and Milagros Gonzalez (hereafter referred to as "plaintiff"), by counsel, Parker Hanski LLC, as and for the Amended Complaint in this action against defendants Duane Street Park Corp., 157 Duane Street Associates and Kio Restaurant, LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendants.  In this action, plaintiffs seek declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress defendants' unlawful disability discrimination against plaintiffs, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.  Plaintiffs also allege claims for Negligence.  As explained more fully below, defendants own, lease, lease to, operate and control a place of public accommodation that

1

violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for defendants to accept responsibility. This action seeks to right that wrong via recompensing plaintiffs and making defendants' place of public accommodation fully accessible so that plaintiffs can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiffs' rights under the ADA. The Court has supplemental jurisdiction over plaintiffs' related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.      At all times relevant to this action, plaintiffs Colleen Roche and Milagros Gonzalez have been and remain currently residents of the State of New Jersey.

6.     At all times relevant to this action, plaintiffs Colleen Roche and Milagros Gonzalez have been and remain wheelchair users.  Plaintiffs suffer from medical conditions that inhibit walking and restrict body motion range and movement.

7.     Defendant Duane Street Park Corp. owns the building and real property located at 157 Duane Street in New York County, New York (hereinafter referred to as "157 Duane Street").

8.     Defendant Duane Street Park Corp. is a cooperative corporation with shareholders who lease cooperative apartments in 157 Duane Street.

9.     Upon information and belief, defendant Duane Street Park Corp. owns the ground floor commercial space at 157 Duane Street.

10.     Defendant Duane Street Park Corp. leases the ground floor commercial space at 157 Duane Street to defendant 157 Duane Street Associates.

11.     At all relevant times, defendant Kio Restaurant, LLC leases property located at 157 Duane Street from defendant 157 Duane Street Associates (hereinafter referred to as the "Khe-Yo" premises).

12.     At all relevant times, defendant Kio Restaurant, LLC operates a restaurant at 157 Duane Street that does business as Khe-Yo.

13.     Defendants are licensed to do and do business in New York State.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.     Each of the defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Khe-Yo premises located at 157 Duane Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

15.     The Khe-Yo premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

16.     Numerous architectural barriers exist at defendants' place of public accommodation that prevent and/or restrict access to plaintiffs, a person with a disability.

17.     At some time after January 1992, defendants made alterations to 157 Duane Street, including areas adjacent and/or attached to 157 Duane Street.

18.     At some time after January 1992, defendants made alterations to the Khe-Yo premises, and to areas of 157 Duane Street related to the Khe-Yo premises.

19.     At some time after January 1992, defendants altered the primary function areas of the Khe-Yo premises and 157 Duane Street that relate to the Khe-Yo premises.

20.     Since the effective date of § 27-292 of the Administrative Code (also known as "Local Law 58"), defendants have constructed and/or made alterations to the Khe-Yo premises, and to areas of 157 Duane Street related to the Khe-Yo premises.

21.     Within the past three years of filing this action, plaintiffs attempted to and desired to access the Khe-Yo premises.

22.     The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiffs as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the

United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

23.     The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiffs as required by the Administrative Code § 27-292 *et. seq.*

24.     Because of defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, plaintiffs were and has been unable to enjoy safe, equal and complete access to defendants' place of public accommodation.

25.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, the Building Code of the City of New York ("BCCNY"), or the 2014 New York City Construction Code ("2014 NYC").

26.     Barriers to access that plaintiffs encountered, and/or which deter plaintiffs from patronizing the defendants' place of public accommodation as well as barriers that exist include, but are not limited to, the following:

I.   An accessible entrance to the facility is not provided. See below.
     *Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i).*
     *Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1.*
     *Defendants fail to provide that ALL of its public entrances are accessible. See 2014 NYC 1105.1.*

II.  There is a step at the exterior side of the entrance door that has a change in level greater than ½ inch high.
     *Defendants fail to provide that changes in level greater than 1/2-inch high are ramped. See 1991 Standards 4.3.8, 2010 Standards 303.4, and 2014 NYC 303.3.*

III. The entrance door lacks level maneuvering clearances at the pull side of the door due to steps.

*Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.*

IV. Neither leaf of the exterior double leaf doors at the entrance to the facility provides 32 inches of clear opening width.

*At double leaf doors, Defendants fail to provide at least one active leaf with 32 inches of clear opening width. See 1991 Standards 4.13.4, 2010 Standards 404.2.2, and 2004 NYC 404.2.1.*

V. Neither leaf of the interior double leaf doors at the entrance to the facility provides 32 inches of clear opening width.

*At double leaf doors, Defendants fail to provide at least one active leaf with 32 inches of clear opening width. See 1991 Standards 4.13.4, 2010 Standards 404.2.2, and 2004 NYC 404.2.1.*

VI. There is less than 48 inches between the two doors in a series at the vestibule at the entrance to the facility.

*At two doors in a series (or a vestibule), Defendants fail to provide a level floor area that is 48 inches between the two doors plus the width of doors swinging into the space. See 1991 Standards 4.13.7, 2010 Standards 404.2.6, and 2014 NYC 404.2.5.*

VII. There is no room for a tuning space between the two doors in a series at the vestibule at the entrance to the facility.

*At two doors in a series (or a vestibule), Defendants fail to provide a level tuning space between the two doors. See 2014 NYC 404.2.5.*

VIII. There is no accessible seating at the bar area. Furthermore, no accessible table are provided in the surrounding dining area. See below.

*Where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be accessible or service shall be available at accessible tables within the same area. See 1991 Standards 5.2.*

*Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 Standards 226.1, and 2014 NYC 1109.10.*

IX. There is no accessible seating in the dining area.

*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 Standard 5.1, 2010 Standards 226.1, and 2014 NYC 1109.10.*

X. An accessible route is not provided to the lower level toilet rooms due to steps.

*Defendants fail to provide an accessible route to each portion of the building that connects to accessible building entrances. See 1991 Standards 4.1.2(2), 2010 Standards 206.2.4, and 2014 NYC 1104.3.*

*Defendants fail to provide an accessible route to each level and mezzanine required to be accessible. See 1991 Standards 4.1.3(5), 2010 Standards 206.2.3, and 2014 NYC 1104.4*

XI. There are two single user unisex public toilet rooms: a north and a south toilet room. Neither the north or the south toilet rooms is fully accessible.
*Defendants fail to provide accessible toilet facilities. See 1991 Standards 4.1.3(11), 2010 Standards 213.1, and 2014 NYC 1109.2.*

XII. The door at the north toilet room lacks sufficient maneuvering clearances at both the push and pull side of the doorway.
*Defendants' fail to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.*

XIII. The door to the north toilet room has door hardware which requires tight grasping and twisting of the wrist.
*At interior doors, Defendants fail to provide handles, pulls, latches, locks, and other operable parts that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist. See 1991 Standards 4.13.9, 2010 Standards 404.2.7, and 2014 NYC 404.2.6.*

XIV. The door at the north toilet room has less than 32 inches of clear opening width.
*At doors, Defendants fail to provide at least 32 inches of clear opening width, measured from the face of the door to the stop with the door open at a ninety-degree angle. See 1991 Standards 4.13.5, 2010 Standards 404.2.3, and 2014 NYC 404.2.2.*

XV. The north toilet room lacks a turning space.
*Defendants fail to provide the required turning space within accessible toilet and bathing facilities. See 1991 Standards 4.23.3, 2010 Standards 603.2.1, and 2014 NYC 603.2.1.*

XVI. The north toilet room lacks a water closet with the required clearances.
*Defendants fail to provide a clearance around the accessible water closet that is 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall. See 1991 Standards 4.17.3, 2010 Standards 604.3.1, and 2014 NYC 604.3.1.*

XVII. The north toilet room has a water closet with a toilet paper dispenser that is not in the correct location.
*Defendants fail to provide an accessible water closet with a toilet paper dispensers that is located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. See 2010 Standards 604.7, and 2014 NYC 604.7.*

XVIII. The north toilet room lacks compliant grab bars at the water closet.
*Defendants fail to provide an accessible water closet with a side wall grab bar that is 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. See 1991 Standards 4.16.4, 2010 Standards 604.5.1, and 2014 NYC 604.5.1.*

*Defendants fail to provide an accessible water closet with a vertical side wall grab bar. See 2014 NYC 604.5.1.*
*Defendants fail to provide an accessible water closet with a rear wall grab bar that is 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side. See 1991 Standards 4.16.4, 2010 Standards 604.5.2, and 2014 NYC 604.5.2.*

XIX. The lavatory at the north toilet room lacks a clear floor space for a forward approach.
*Defendants fail to provide accessible lavatories and/or sinks with a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance. See 1991 Standards 4.19.3 and 4.24.5, 2010 Standards 606.2, and 2014 NYC 606.2.*

XX. The north toilet room lacks a mirror that is not more than 40" above the finish floor.
*Defendants fail to provide an accessible mirror (when located above lavatories or countertops) that is installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor within accessible toilet and bathing facilities. See 1991 Standards 4.19.6, 2010 Standards 603.3, and 2014 NYC 603.3.*

XXI. The door at the south toilet room lacks sufficient maneuvering clearances at both the push and pull side of the doorway.
*Defendants' fail to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.*

XXII. The door to the south toilet room has door hardware which requires tight grasping and twisting of the wrist.
*At interior doors, Defendants fail to provide handles, pulls, latches, locks, and other operable parts that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist. See 1991 Standards 4.13.9, 2010 Standards 404.2.7, and 2014 NYC 404.2.6.*

XXIII. The door at the south toilet room has less than 32 inches of clear opening width.
*At doors, Defendants fail to provide at least 32 inches of clear opening width, measured from the face of the door to the stop with the door open at a ninety-degree angle. See 1991 Standards 4.13.5, 2010 Standards 404.2.3, and 2014 NYC 404.2.2.*

XXIV. The south toilet room lacks a turning space.
*Defendants fail to provide the required turning space within accessible toilet and bathing facilities. See 1991 Standards 4.23.3, 2010 Standards 603.2.1, and 2014 NYC 603.2.1.*

XXV. The south toilet room lacks a water closet with the required clearances.
*Defendants fail to provide a clearance around the accessible water closet that is 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall. See 1991 Standards 4.17.3, 2010 Standards 604.3.1, and 2014 NYC 604.3.1.*

XXVI. The south toilet room has a water closet with a toilet paper dispenser that is not in the correct location.
*Defendants fail to provide an accessible water closet with a toilet paper dispensers that is located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. See 2010 Standards 604.7, and 2014 NYC 604.7.*

XXVII. The south toilet room lacks compliant grab bars at the water closet.
*Defendants fail to provide an accessible water closet with a side wall grab bar that is 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. See 1991 Standards 4.16.4, 2010 Standards 604.5.1, and 2014 NYC 604.5.1.*
*Defendants fail to provide an accessible water closet with a vertical side wall grab bar. See 2014 NYC 604.5.1.*
*Defendants fail to provide an accessible water closet with a rear wall grab bar that is 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side. See 1991 Standards 4.16.4, 2010 Standards 604.5.2, and 2014 NYC 604.5.2.*

XXVIII. The lavatory at the south toilet room lacks a clear floor space for a forward approach.
*Defendants fail to provide accessible lavatories and/or sinks with a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance. See 1991 Standards 4.19.3 and 4.24.5, 2010 Standards 606.2, and 2014 NYC 606.2.*

XXIX. The south toilet room lacks a mirror that is not more than 40" above the finish floor.
*Defendants fail to provide an accessible mirror (when located above lavatories or countertops) that is installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor within accessible toilet and bathing facilities. See 1991 Standards 4.19.6, 2010 Standards 603.3, and 2014 NYC 603.3.*

XXX. The exit door which is also the entrance door is not accessible as described above.
*Defendants fail to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1, and 2014 NYC 1007.1.*

27. Upon information and belief, a full inspection of the defendants' place of public accommodation will reveal the existence of other barriers to access.

28. As required by the ADA (remedial civil rights legislation) to properly remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiffs require a full inspection of the defendants' public accommodation in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that plaintiffs intend on

amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

29. Defendants have endangered plaintiffs' safety and denied plaintiffs the opportunity to participate in or benefit from services or accommodations because of disability.

30. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

31. Defendants Duane Street Park Corp. and 157 Duane Street Associates have failed to ensure that their lessee's place of public accommodation and the elements therein are in compliance with the 1991 Standards or the 2010 Standards; the Administrative Code, and the BCCNY and 2014 NYC including but not limited to ensuring the maintenance of accessible features.

32. Plaintiffs have a realistic, credible and continuing threat of discrimination from the defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within defendants' place of public accommodation continue to exist and deter plaintiffs.

33. Plaintiffs frequently travel to the area where defendants' place of public accommodation is located.

34. Plaintiffs intend to patronize the defendants' place of public accommodation several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY and 2014 NYC.

35.     Each plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendants' place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY and 2014 NYC.

36.     Plaintiffs intend to patronize the defendants' place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether defendants' place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY and 2014 NYC – all for the benefit of those similarly situated to plaintiffs.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

37.     Plaintiffs realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

38.     Plaintiffs are substantially limited in the life activity of both walking and body motion range and thus have a disability within the meaning of the ADA.  As a direct and proximate result of plaintiffs' disability, plaintiffs use wheelchairs for mobility, and also have restricted use of arms and hands.

39.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

40.     Under the ADA, both the property owner and lessee are liable to the plaintiffs and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

41.     Defendants have and continue to subject plaintiffs to disparate treatment by denying plaintiffs full and equal opportunity to use their place of public accommodation all

because plaintiff are disabled. Defendants' policies and practices have disparately impacted plaintiffs as well.

42. By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiffs that they are not welcome, objectionable and not desired as patrons of their public accommodation.

43. Defendants have discriminated against the plaintiffs by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiffs and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

44. Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

45. Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiffs to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

46. Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiffs, in violation of 28 C.F.R. § 36.403.

47. 28 C.F.R. § 36.406(5) requires defendants to make the facilities and elements of their noncomplying public accommodation accessible in accordance with the 2010 Standards.

48. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make defendants' place of public accommodation fully accessible.

49. By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiffs on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

50. In the alternative, defendants have violated the ADA by failing to provide plaintiffs with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

51. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

52. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, within the meaning of the ADA, Duane Street Park Corp. and 157 Duane Street Associates continuously controlled, managed and operated the public sidewalk abutting 157 Duane Street, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

53. Duane Street Park Corp.'s and 157 Duane Street Associates' failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the ADA.

54. Defendants have and continue to discriminate against plaintiffs in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

55. Plaintiffs realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

56.     Plaintiffs suffer from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiffs; in particular, the life activities of both walking and body motion range.  Plaintiffs therefore suffer from a disability within the meaning of the Executive Law § 296(21).

57.     Defendants' have and continue to subject plaintiffs to disparate treatment by denying plaintiffs equal opportunity to use their place of public accommodation all because plaintiffs are disabled.

58.     Defendants discriminated against plaintiffs in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the defendants have aided and abetted others in committing disability discrimination.

59.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

60.     In the alternative, defendants have failed to provide plaintiffs with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

61.     It would be readily achievable to make defendants' place of public accommodation fully accessible.

62.     It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

63.     As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiffs have suffered, and continue to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

64. Plaintiffs have suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

65. Plaintiffs realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

66. Plaintiffs suffer from various medical conditions that separately and together, impair plaintiffs' bodily systems - in particular, the life activity of both walking and body motion range -and thus plaintiffs have a disability within the meaning of the Administrative Code § 8-102(16).

67. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiffs to the fullest extent possible.

68. Defendants have and continue to subject plaintiffs to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation

all because of disability in violation of the Administrative Code § 8-107(4). Each of the defendants have aided and abetted others in committing disability discrimination.

69. Defendants have discriminated, and continue to discriminate, against plaintiffs in violation of the Administrative Code § 8-107(4) by designing, creating and/or maintaining an inaccessible commercial facility/space.

70. Defendants have subjected, and continue to subject, plaintiffs to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

71. In violation of Administrative Code § 8-107(6), defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

72. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, Duane Street Park Corp. and 157 Duane Street Associates have continuously controlled, managed and operated the public sidewalk abutting 157 Duane Street, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

73. Duane Street Park Corp.'s and 157 Duane Street Associates' failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

74. Defendants discriminated against plaintiffs in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

75. As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, plaintiffs have suffered, and continue to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

76. Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiffs' rights under the Administrative Code.

77. By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiffs that they are not welcome, objectionable and not desired as patrons of their public accommodation.

78. Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which plaintiffs are entitled to an award of punitive damages. Administrative Code § 8-502.

79. By refusing to make their place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

80. Plaintiffs have suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

81.     Plaintiffs realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

82.     Defendants discriminated against plaintiffs pursuant to New York State Executive Law.

83.     Consequently, plaintiffs are entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every barrier and violation.

84.     Notice of the defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

85.     Plaintiffs realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

86.     Defendants negligently designed, constructed, operated, repaired and maintained their place of public accommodation located at 157 Duane Street in a manner that has rendered their place of public accommodation unsafe to the disabled plaintiffs.

87.      At all relevant times, defendants, who hold their property open to the public, have had a duty to patrons such as plaintiffs to design, construct, operate, repair, and maintain their place of public accommodation located at 157 Duane Street in a reasonably safe condition, including a duty to comply with the Administrative Code.

88.     Defendants breached their duty by negligently designing, constructing, operating, repairing and maintaining their place of public accommodation located at 157 Duane Street in a

manner that has unreasonably endangered the plaintiffs' physical safety and caused plaintiffs to fear for plaintiffs' own safety.

89.     Defendants' failure to design, construct, operate, repair and maintain their place of public accommodation located at 157 Duane Street in a manner that is safe to the disabled plaintiffs has proximately caused plaintiffs emotional distress.

90.     Defendants have had actual and constructive notice that their place of public accommodation located at 157 Duane Street is not safe to the disabled.

91.     As a direct result of defendants' negligence, plaintiffs have suffered and continue to suffer emotional distress damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

92.     Plaintiffs will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

93.     Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiffs in accordance with the above-mentioned laws.

94.     Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

95.     Plaintiffs are entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiffs and as to required alterations

and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEYS' FEES, EXPENSES AND COSTS

96.     In order to enforce plaintiffs' rights against the defendants, plaintiffs have retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code.  42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiffs that contains the following relief:

A.  Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiffs as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

B.  Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award plaintiffs compensatory damages as a result of defendants' violations of New York State Executive Law and the Administrative Code of the City of New York;

E.   Award plaintiffs punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

F.   Award plaintiffs monetary damages for each and every barrier and violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

H.   Find that plaintiffs are a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

I.   For such other and further relief, at law or in equity, to which plaintiffs may be justly entitled.

Dated: October 8, 2017
        New York, New York

                                        Respectfully submitted,

                                        **PARKER HANSKI LLC**


                        By:____/s_____
                                Glen H. Parker, Esq.
                                Adam S. Hanski, Esq.
                                Robert G. Hanski, Esq.
                                Attorneys for Plaintiffs
                                40 Worth Street, 10th Floor
                                New York, New York 10013
                                Telephone: (212) 248-7400
                                Facsimile: (212) 248-5600
                                Email:ash@parkerhanski.com
                                Email:ghp@parkerhanski.com
                                Email:rgh@parkerhanski.com