**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

COLLEEN ROCHE and MILAGROS GONZALEZ,      Docket No. 17-CV-05866

                  Plaintiff,      Hon. Analisa Torres, U.S.D.J.

      -against-

DUANE STREET PARK CORP., 157 DUANE
STREET ASSOCIATES and KIO RESTAURANT,
LLC,                               **ANSWER TO THE**
                                 **AMENDED COMPLAINT**
                        Defendants.
------------------------------------------------------------------x

      Defendants, DUANE STREET PARK CORP., by their attorneys, BRILL &

ASSOCIATES, P.C. upon information and belief, interposes the following Answer to the

Plaintiff's Amended Complaint dated August 2, 2017, and responds as follows:

### AS AND FOR A RESPONSE TO THAT PORTION OF THE
### AMENDED COMPLAINT DESIGNATED "NATURE OF THE CASE"

      1.      Defendant DUANE STREET PARK CORP. denies that the Amended

Complaint opposes pervasive, ongoing and inexcusable disability discrimination.  Rather,

this suit is simply one of many civil actions commenced by the Plaintiffs in the United

States District Court for the Southern District of New York asserting violations under the

Americans with Disabilities Act.  Plaintiff's pervasive pattern of private ADA

enforcement, in the manner so prosecuted, is demonstrative of the need to re-examine

portions of the ADA enforcement scheme as discussed in a feature article in *The New

York Times* (See, Secret, Mosi, *Disabilities Act Prompts Flood of Suits Some Cite as*

*Unfair*, New York Times, April 16, 2012)[1] examining, *inter alia*, patterned  prosecution of multiple ADA suits and the propriety of pre-action notification and opportunity-to-cure amendments in the ADA ("[l]awmakers and federal judges have questioned the practice, contending that the lawyers are only interested in generating legal fees; they say the lawyers typically do not give the businesses a chance to remedy the problem before filing suit.").  To the extent Paragraph 1 of the Amended Complaint contains any factual allegations directed against the answering Defendants, these answering Defendants denies the allegations thereof.

2.       Denies the allegations contained in Paragraph "2" of the Amended Complaint.

**AS AND FOR A RESPONSE TO THAT PORTION OF THE
AMENDED COMPLAINT DESIGNATED "JURISDICTION AND VENUE"**

3.       Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "3" of the Amended Complaint and leaves all questions of law to this Honorable Court.

4.       Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "4" of the Amended Complaint and leaves all questions of law to this Honorable Court.

**AS AND FOR A RESPONSE TO THAT PORTION OF THE
AMENDED COMPLAINT DESIGNATED "PARTIES"**

5.       Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "5" of the Amended Complaint.

---

[1]       http://www.nytimes.com/2012/04/17/nyregion/lawyers-find-obstacles-to-the-disabled-then-find-Plaintiffs.html.

6.      Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "6" of the Amended Complaint.

7.      Denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph "7" of the Amended Complaint as the term "property" is used in the Amended Complaint and respectfully refers this Honorable court to the duly authenticated and admissible deeds and ownership records for the subject premises.

8.      Admits the allegations contained in Paragraph "8" of the Amended Complaint.

9.      Denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph "9" of the Amended Complaint.

10.     Denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph "10" of the Amended Complaint but admits that Duane Street Park Corp. entered into a certain Indenture of Lease on or about March 1, 1979 with 157 Duane Street Associates, A New York Partnership, pertaining to certain designated space on the first floor, cellar and rear courtyard of the premises as specifically defined and enumerated within the Indenture of Lease.

11.     Denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph "11" of the Amended Complaint except admits, upon information and belief, that Kio Restaurant, LLC d/b/a Khe-Yo Restaurant is presently operating at the subject premises subject to a lease agreement with 157 Duane Street Associates.

12.     Denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph "12" of the Amended Complaint except admits, upon

information and belief, that Kio Restaurant, LLC d/b/a Khe-Yo Restaurant is presently operating at the subject premises subject to a lease agreement with 157 Duane Street Associates.

13.     Denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph "13" of the Amended Complaint as the allegation is vague and undefined.

## AS AND FOR A RESPONSE TO THAT PORTION OF THE AMENDED COMPLAINT DESIGNATED "ALLEGATIONS COMMON TO ALL CAUSES OF ACTION"

14.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "14" of the Amended Complaint and refers all questions of law to this Honorable Court.

15.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "15" of the Amended Complaint and refers all questions of law to this Honorable Court.

16.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "16" of the Amended Complaint.

17.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "17" of the Amended Complaint.

18.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "18" of the Amended Complaint.

19.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "19" of the Amended Complaint.

20.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "20" of the Amended Complaint.

21.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "21" of the Amended Complaint.

22.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "22" of the Amended Complaint and refers all questions of law to this Honorable Court.

23.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "23" of the Amended Complaint and refers all questions of law to this Honorable Court.

24.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "24" of the Amended Complaint and refers all questions of law to this Honorable Court.

25.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "25" of the Amended Complaint and refers all questions of law to this Honorable Court.

26.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "26(I) through 25(XXX)" of the Amended Complaint and refers all questions of law to this Honorable Court.

27.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "27" of the Amended Complaint.

28.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "28" of the Amended Complaint and refers all questions of law to this Honorable Court.

29.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "29" of the Amended Complaint.

30.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "30" of the Amended Complaint and refers all questions of law to this Honorable Court.

31.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "31" of the Amended Complaint and refers all questions of law to this Honorable Court.

32.     Denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph "32" of the Amended Complaint.

33.     Denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph "33" of the Amended Complaint.

34.     Denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph "34" of the Amended Complaint.

35.     Denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph "35" of the Amended Complaint.

36.     Denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph "36" of the Amended Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION
### (ADA)

37.     In response to Paragraph "37" of the Amended Complaint, Defendants repeat and reiterate their responses set forth in Paragraphs "1" through "36" of this Answer as if fully set forth herein.

38.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "38" of the Amended Complaint and refers all questions of law to this Honorable Court.

39.     Denies the allegations contained in Paragraph "39" of the Amended Complaint and refers all questions of law to this Honorable Court and refers all questions of law to this Honorable Court.

40.     Denies the allegations contained in Paragraph "40" of the Amended Complaint and refers all questions of law to this Honorable Court.

41.     Denies the allegations contained in Paragraph "41" of the Amended Complaint.

42.     Denies the allegations contained in Paragraph "42" of the Amended Complaint and refers all questions of law to this Honorable Court.

43.     Denies the allegations contained in Paragraph "43" of the Amended Complaint and refers all questions of law to this Honorable Court.

44.     Denies the allegations contained in Paragraph "44" of the Amended Complaint and refers all questions of law to this Honorable Court.

45.     Denies the allegations contained in Paragraph "45" of the Amended Complaint and refers all questions of law to this Honorable Court.

46.     Denies the allegations contained in Paragraph "46" of the Amended Complaint and refers all questions of law to this Honorable Court.

47.     Denies the allegations contained in Paragraph "47" of the Amended Complaint and refers all questions of law to this Honorable Court.

48.     Denies the allegations contained in Paragraph "48" of the Amended Complaint and refers all questions of law to this Honorable Court.

49.     Denies the allegations contained in Paragraph "49" of the Amended Complaint and refers all questions of law to this Honorable Court.

50.     Denies the allegations contained in Paragraph "50" of the Amended Complaint and refers all questions of law to this Honorable Court.

51.     Denies the allegations contained in Paragraph "51" of the Amended Complaint and refers all questions of law to this Honorable Court.

52.     Denies the allegations contained in Paragraph "52" of the Amended Complaint and refers all questions of law to this Honorable Court.

53.     Denies the allegations contained in Paragraph "53" of the Amended Complaint and refers all questions of law to this Honorable Court.

54.     Denies the allegations contained in Paragraph "54" of the Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION
(New York State Executive Law)

55.     In response to Paragraph "55" of the Amended Complaint, Defendants repeat and reiterate their responses set forth in Paragraphs "1" through "54" of this Answer as if fully set forth herein.

56.     Denies the allegations contained in Paragraph "56" of the Amended Complaint and refers all questions of law to this Honorable Court.

57.     Denies the allegations contained in Paragraph "57" of the Amended Complaint.

58.     Denies the allegations contained in Paragraph "58" of the Amended Complaint and refers all questions of law to this Honorable Court.

59.     Denies the allegations contained in Paragraph "59" of the Amended Complaint and refers all questions of law to this Honorable Court.

60.     Denies the allegations contained in Paragraph "60" of the Amended Complaint and refers all questions of law to this Honorable Court.

61.     Denies the allegations contained in Paragraph "61" of the Amended Complaint.

62.     Denies the allegations contained in Paragraph "62" of the Amended Complaint.

63.     Denies the allegations contained in Paragraph "63" of the Amended Complaint and refers all questions of law to this Honorable Court.

64.     Denies the allegations contained in Paragraph "64" of the Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION
### (New York City Administrative Code)

65.     In response to Paragraph "65" of the Amended Complaint, Defendants repeat and reiterate their responses set forth in Paragraphs "1" through "64" of this Answer as if fully set forth herein.

66.     Denies the allegations contained in Paragraph "66" of the Amended Complaint and refers all questions of law to this Honorable Court.

67.     Denies the allegations contained in Paragraph "67" of the Amended Complaint and refers all questions of law to this Honorable Court.

68.     Denies the allegations contained in Paragraph "68" of the Amended Complaint and refers all questions of law to this Honorable Court.

69.     Denies the allegations contained in Paragraph "69" of the Amended Complaint and refers all questions of law to this Honorable Court.

70.     Denies the allegations contained in Paragraph "70" of the Amended Complaint and refers all questions of law to this Honorable Court.

71.     Denies the allegations contained in Paragraph "71" of the Amended Complaint and refers all questions of law to this Honorable Court.

72.     Denies the allegations contained in Paragraph "72" of the Amended Complaint and refers all questions of law to this Honorable Court.

73.     Denies the allegations contained in Paragraph "73" of the Amended Complaint and refers all questions of law to this Honorable Court.

74.     Denies the allegations contained in Paragraph "74" of the Amended Complaint and refers all questions of law to this Honorable Court.

75.     Denies the allegations contained in Paragraph "75" of the Amended Complaint.

76.     Denies the allegations contained in Paragraph "76" of the Amended Complaint and refers all questions of law to this Honorable Court.

77.     Denies the allegations contained in Paragraph "77" of the Amended Complaint.

78.     Denies the allegations contained in Paragraph "78" of the Amended Complaint and refers all questions of law to this Honorable Court.

79.     Denies the allegations contained in Paragraph "79" of the Amended Complaint.

80.     Denies the allegations contained in Paragraph "80" of the Amended Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION
(New York State Civil Rights Law)

81.     In response to Paragraph "81" of the Amended Complaint, Defendants repeat and reiterate their responses set forth in Paragraphs "1" through "80" of this Answer as if fully set forth herein.

82.     Denies the allegations contained in Paragraph "82" of the Amended Complaint and refers all questions of law to this Honorable Court.

83.     Denies the allegations contained in Paragraph "83" of the Amended Complaint and refers all questions of law to this Honorable Court.

84.     Denies the allegations contained in Paragraph "84" of the Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO PLAINTIFF'S FIFTH CAUSE OF ACTION
(Negligence)

85.     In response to Paragraph "85" of the Amended Complaint, Defendants repeat and reiterate their responses set forth in Paragraphs "1" through "84" of this Answer as if fully set forth herein.

86.     Denies the allegations contained in Paragraph "86" of the Amended Complaint.

87.     Denies the allegations contained in Paragraph "87" of the Amended Complaint and refers all questions of law to this Honorable Court.

88.     Denies the allegations contained in Paragraph "88" of the Amended Complaint.

89.     Denies the allegations contained in Paragraph "89" of the Amended Complaint.

90.     Denies the allegations contained in Paragraph "90" of the Amended Complaint.

91.     Denies the allegations contained in Paragraph "91" of the Amended Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF'S
## CLAIM FOR INJUNCTIVE RELIEF

92.     Denies the allegations contained in Paragraph "92" of the Amended Complaint.

93.     Denies the allegations contained in Paragraph "93" of the Amended Complaint.

94.     Denies the allegations contained in Paragraph "94" of the Amended Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF'S REQUEST FOR
## DECLARATORY RELIEF

95.     Denies the allegation contained in Paragraph "95" of the Amended Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A RESPONSE TO PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS

96.     Denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph "96" of the Amended Complaint and refers all questions of law to this Honorable Court.

## FIRST AFFIRMATIVE DEFENSE

97.     The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

98.     Plaintiff has failed to demonstrate an entitlement to injunctive or declaratory relief.

## THIRD AFFIRMATIVE DEFENSE

99.     Plaintiff lacks individual or associational standing to obtain the relief requested.

## FOURTH AFFIRMATIVE DEFENSE

100.    The Amended Complaint is barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the failure to exhaust the statutory and/or administrative prerequisites to the bringing of an action under 42 U.S.C. §§ 12181, *et seq.*

## FIFTH AFFIRMATIVE DEFENSE

101.    Defendant's actions and decisions were motivated by legitimate, nondiscriminatory reasons.

## SIXTH AFFIRMATIVE DEFENSE

102.     Plaintiff is not entitled to the relief sought in the Amended Complaint to the extent said relief is not available under the applicable statutory provisions.

## SEVENTH AFFIRMATIVE DEFENSE

103.     No personal jurisdiction has been obtained over answering Defendants by reason of improper service of process and lack of proper commencement of the action pursuant to the filing and type size rules of the FRCP as pertains to the Summons and Amended Complaint and the Affidavit of Service. Defendants do not waive any defense by appearing in this action.

## EIGHTH AFFIRMATIVE DEFENSE

104.     If there is any liability as to these answering Defendants, such liability is reduced by the several liabilities of parties, in or unnamed to this lawsuit.

## NINTH AFFIRMATIVE DEFENSE

105.     The store in question was built prior to the enactment of the Americans with Disability Act and the Human Rights Law and is not subject to the provisions of these laws and regulations.

## TENTH AFFIRMATIVE DEFENSE

106.     That the accommodation sought by the Plaintiff is not required or reasonable under the circumstances presented.

## ELEVENTH AFFIRMATIVE DEFENSE

107.     Plaintiff failed to mitigate damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

108.    This action is barred due to Plaintiff's failure to join an indispensable

party.

## THIRTEENTH AFFIRMATIVE DEFENSE

109.    The Defendant, not being fully advised as to all the facts and

circumstances surrounding the incident complained of, hereby assert and reserve unto

themselves the defenses of accord and satisfaction, arbitration and award, assumption of

risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of

consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release,

res judicata, statute of frauds, statute of limitations, waiver, unclean hands and any other

matter constituting an avoidance or affirmative defense which the further investigation of

this matter may prove applicable herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

110.    Plaintiff's claim for punitive damages violates, and is, therefore, barred

by the following provisions of the Constitution of the State of New York, Article I,

sections 5, 6, 11, and 12 because:

> (a)    it is a violation of the Due-Process and Equal-Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof of which I is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

> (b)    the procedures under which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c) the procedures under which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

(d) the procedures under which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

(e) the procedures under which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

(f) the procedures under which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(g) the procedures under which punitive damages are awarded permit the imposition of excessive fines;

(h) the award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(i) the procedures under which punitive damages are awarded permit the imposition of excessive fines and penalties.

## FIFTEENTH AFFIRMATIVE DEFENSE

111. Plaintiff's claim for punitive damages violates defendants' constitutional rights under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, state constitutional provisions, or cases recognizing that punitive damages are prohibited as excessive fines, the double jeopardy clause in the Fifth Amendment to the Constitution of the United States, comparable provisions of state constitutions and/or the common law and public policies, and/or applicable statutes and court rules in the circumstances of this litigation, including, but not limited to:

a. Imposition of such punitive damages by a jury that:

(i)     Is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages award;

(ii)    Is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

(iii)   Is not expressly prohibited from awarding punitive damages or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state or residence of defendants;

(iv)    Is permitted to award punitive damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and

(v)     Is not subject to trial court and appellate judicial review for reasonableness in the furtherance of legitimate purpose and on the basis of objective standards;

b.   Imposition of such punitive damages, and determination of the amount of an award thereof, where applicable law is impermissibly vague, imprecise, or inconsistent;

c.   Imposition of such punitive damages, and determination of the amount of an award thereof, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; and/or imposition of such punitive damages, and determination of the amount of an award thereof, would subject the answering Defendants to impermissible multiple punishment for the same alleged wrong.

## AS AND FOR A FIRST CROSS CLAIM AGAINST ALL
## CO-DEFENDANTS IN THIS ACTION

112.     That if Plaintiff was caused to sustain damages by reason of the claims set forth in the Amended Complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, misfeasance or nonfeasance, of co-Defendants, their agents, servants and/or employees, and not by this answering Defendant, and if any judgment is recovered by Plaintiff against this answering Defendant, such Defendant will be damaged thereby, and co-Defendants shall be liable to this answering Defendant for common law contribution and/or indemnification, in whole or in part.

## AS AND FOR A SECOND CROSS CLAIM AGAINST ALL
## CO-DEFENDANTS IN THIS ACTION

113.     That if Plaintiff was caused to sustain damages by reason of the claims set forth in the Amended Complaint, all of which are specifically denied, and if any judgment is recovered by the Plaintiff against this answering Defendant, then co-Defendants shall be liable to this answering Defendant under the terms and conditions of any leases or contracts entered into between the parties, including agreements to procure insurance coverage for the benefit of this answering Defendant; to hold harmless and/or indemnify this answering Defendant for any liability which may be imposed upon them; or by reason of express understanding, representations and/or warranties, expressed or implied, which impose certain obligations, duties and responsibilities on the co-Defendants, and this answering Defendant seeks the full amount of any verdict or judgment awarded to the Plaintiff from the co-Defendants, together with any applicable interest, attorneys fees, costs of defense and/or disbursements.

## DEMAND FOR A JURY

Defendant demand a jury on all issues.

**WHEREFORE,** Defendant demands judgment dismissing the Amended Complaint with prejudice and granting Defendant its costs and expenses of this action, or alternatively, if any relief is granted against the answering Defendant, then Defendant seek relief on their cross claims together with an award of costs including reasonable attorneys' fees and other such and further relief as this Court may deem just and appropriate.

Dated: New York, New York
        October 13, 2017

**BRILL & ASSOCIATES, P.C.**

_____
Haydn J. Brill (HB3040)
*Attorneys for Defendant*
*Duane Street Park Corp.*
111 John Street, Suite 1070
New York, New York 10038
(212) 974-9101

## CERTIFICATION OF SERVICE

Haydn J. Brill, an attorney of the State of New York duly admitted to the United States District Court for the Southern District of New York, deposes and says:

I am not a party to this action, I am over 18 years of age and I reside in Mercer County, New Jersey.

On October 13, 2017, I served the within **ANSWER TO THE VERIFIED COMPLAINT** upon the parties listed below in accordance with ECF filing requirements and/or at the addresses designated by said party for service of legal papers by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York and by electronically filing this document with the United States District Court for the Southern District of New York.

**PARKER HANSKI LLC**
*Attorneys for Plaintiff*
40 Worth Street, 10th Floor
New York, New York 10013
(212) 248-7400

**GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP**
*Attorneys for Kio Restaurant, LLC*
711 Third Avenue
New York, New York 10017
(212) 907-7391

**157 DUANE STREET ASSOCIATES**
157 Duane Street
New York, New York  10013

_____
Haydn J. Brill

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COLLEEN ROCHE and MILAGROS GONZALEZ,

Plaintiffs,

-against-

DUANE STREET PARK CORP., 157 DUANE STREET ASSOCIATES and KIO
RESTAURANT, LLC,

Defendants.

**ANSWER TO THE AMENDED COMPLAINT**

**BRILL & ASSOCIATES, P.C.**
*Attorneys for Defendant Duane Street Park Corp.*
111 John Street, Suite 1070
New York, New York 10038
(212) 374-9101

*To:*
Attorney(s) for Defendants

*Service of a copy of the within* is hereby admitted.
*Dated:*

........................……………………………...
*Attorney(s) for*

*PLEASE TAKE NOTICE*
NOTICE OF ENTRY
☐  *that the within is a (certified) true copy of a*
   *duly entered in the office of the clerk of the within named Court on*
NOTICE OF SETTLEMENT
☐  *that an Order          of which the within is a true copy will be presented for settlement to*
   *the Hon.    one of the judges of the within named Court, at          , on     , at      M.*

*Dated:*

**Yours, etc.,**

**BRILL & ASSOCIATES, P.C.**
*Attorneys for Defendant Duane Street Park Corp.*
111 John Street, Suite 1070
New York, New York 10038
(212) 374-9101
